ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 5, 2011

Mr. Jeff May
Collin County Auditor
2300 Bloomdale Road, Suite 3100
McKinney, Texas 75071

Opinion No. GA-0857

Re: Authority of a commissioners court with regard to working hours, overtime and compensatory time, and timekeeping by county employees (RQ-0930-GA)

Dear Mr. May:

You ask six questions, including subparts, about the authority of a county commissioners court under section 157.021 of the Local Government Code.[1] You inform us that the Collin County Commissioners Court has adopted a 40-hour workweek for all county employees. *See* Request Letter at 2. You also tell us about instances in which elected officers in the county have for various reasons granted a county employee a day off or permitted an employee leave. *See id.* These instances resulted in the employee not accruing a total of 40 hours worked. *See id.* at 3. You state that issues have arisen between the commissioners court and the elected officers about whether these employees should be paid for the 40-hour week. *See id.*

Subsection 157.021(a) provides that "[i]n a county with a population of 355,000[2] or more, the commissioners court may adopt and enforce uniform rules on the hours of work of department heads, assistants, deputies, and other employees whose compensation is set or approved by the court." TEX. LOC. GOV'T CODE ANN. § 157.021(a) (West 2008). Under subsection 157.021(b),

> [t]he commissioners court of any county may adopt and enforce uniform rules on overtime and compensatory time for department heads, assistants, deputies, and other employees whose compensation is set or approved by the commissioners court. The rules may:
>
> (1) prohibit unbudgeted overtime, except when the commissioners court or an elected county or district officer declares an emergency; and

---

[1] *See* Letter from Mr. Jeff May, Collin County Auditor, to Honorable Greg Abbott, Attorney General of Texas at 1–2 (Nov. 10, 2010), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2] The 2010 population of Collin County, Texas is 782,341. *See* U. S. Census Bureau, U.S. Dept. of Commerce, 2010 Census of Population: Texas, http://2010.census.gov/2010census/data/index.php.

(2)   require that emergency overtime be reported to the county
auditor and the commissioners court.

*Id.* § 157.021(b).

As the governing body of a county, a commissioners court conducts the business of the county. TEX. CONST. art V, § 18(b); *see also* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2. A commissioners court is expressly authorized to set the compensation for county employees. TEX. LOC. GOV'T CODE ANN. § 152.011 (West 2008). Additionally, a commissioners court is charged with the legislative power of budget making, which involves the discretionary authority of setting the budget priorities and allocating county funds to the county's purposes. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2.

At the same time, the constitution and statutes delegate to independent, elected officers a sphere of authority, which "the Commissioners Court may not interfere or usurp." *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961). This sphere of authority has been described as covering only an elected officer's core duties under the constitution and statutes. *See Griffin v. Birkman*, 266 S.W.3d 189, 197 (Tex. App.—Austin 2008, pet. denied) (citing *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997)). This office has said that within this sphere of authority is the power to "decide how to use the employees who work in his or her office to accomplish the officer's constitutional and statutory duties." Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4. This office has also opined that an elected officer may, among other things, "set the officer's employees' work schedule, and . . . assign employees as the officer sees fit to accomplish the duties of his" or her office. Tex. Att'y Gen. Op. Nos. GA-0661 (2008) at 2; *see also* JC-0214 (2000) at 5. This office has also opined that an elected officer's sphere of authority encompasses the power "to dismiss his or her employees for all or part of a day for any reason" and "to authorize employees to be paid for the time they were unable to work because of an office closure."[3] Tex. Att'y Gen. Op. Nos. JC-0239 (2000) at 7, JC-0131 (1999) at 3; *see also* Tex. Att'y Gen. Op. Nos. GA-0778 (2010) at 2, GA-0661 (2008) at 2–3.

An independent, elected officer's sphere of authority with respect to utilizing his or her employees in a given workweek collides with a commissioners court's authority in section 157.021 over the hours of work of county employees during an established standard workweek. Mindful of this tension, we consider your specific questions.

## I.      Authority of a commissioners court to withhold payment of partial salaries and benefits

You first ask whether

---

[3]Allowing employees time off must serve a public purpose within Texas Constitution article III, section 52, which provides that the Legislature shall have no power to authorize any county to grant public funds to any individual. *See* TEX. CONST. art. III, § 52(a). Whether a particular office closure does so must be determined in the first instance by the officer, whose decision is subject to judicial review. *See* Tex. Att'y Gen. Op. No. GA-0322 (2005) at 4.

> Local Government Code section 157.021(a) allow[s] the Commissioners Court to withhold the payment of partial salaries and benefits of full-time County employees whose compensation is set or approved by the Commissioners Court, and who, in a particular week, may not meet a forty-hour work week as set by an order of the Commissioners Court during each budget[.]

Request Letter at 1. "Constitutional and statutory provisions conferring authority upon the Commissioners Court should be broadly and liberally construed to ascertain the scope of authority granted either expressly or by necessary implication." *Griffin*, 266 S.W.3d at 194 *(citing Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948)). And commissioners courts have broad discretion in exercising expressly granted powers. *Canales*, 214 S.W.2d at 453.

Subsection 157.021(a) expressly grants a commissioners court in counties with the requisite population authority to adopt uniform rules on the "hours of work" of the specified class of employees. TEX. LOC. GOV'T CODE ANN. § 157.021(a) (West 2008). The phrase "hours of work" is undefined by the statute, but construed broadly the phrase encompasses the authority to establish the hours in a standard county workweek.

Subsection 157.021(a) also expressly authorizes a commissioners court to enforce its rules pertaining to hours of work. *Id.* § 157.021(a). Within its express authority to enforce the hours of work of county employees, a commissioners court has broad discretion to determine how to ensure compliance with its rules and impose appropriate consequences for lack of compliance. *See Canales*, 214 S.W.2d at 453 (recognizing commissioners court's broad discretion to act within its expressly granted powers). We believe such discretion likely includes authority to withhold partial salaries and benefits of full-time employees whose compensation is set or approved by a commissioners court when the employee may not in a given week satisfy the hours-of-work standard. *See Agan*, 940 S.W.2d at 79–80 (recognizing that under article V, section 18, Texas Constitution, discretionary matters are for the commissioners court to resolve in the first instance, subject to judicial review). *C.f.*, Tex. Att'y Gen. Op. No. JC-0239 (2000) at 5 (recognizing that a commissioners court has implied authority under Local Government Code section 152.011, which authorizes a commissioners court to set the compensation of county employees, to "premis[e] full salary and benefits upon a forty-hour workweek").

Subsection 157.021(a) thus allows a commissioners court of a populous county to limit to a degree an officer's authority to establish a conflicting hourly workweek for his or her employees who are within the specified class of employees. *C.f.*, Tex. Att'y Gen. Op. No. JC-0239 (2000) at 3 ("[A]bsent a statute to the contrary, a commissioners court may not interfere with a county official's authority to set the hours his or her office will be open to the public."). Yet, subsection 157.021(a) does not abrogate the elected officer's obligation to fulfill his or her constitutional and statutory duties. *See Pritchard & Abbott*, 350 S.W.2d at 335 (recognizing constitutional and statutory basis for an elected officer's sphere of authority with which a commissioners court may not interfere or usurp). Despite a commissioners court's authority under subsection 157.021(a), an

elected officer must still have discretion and latitude to perform his or her required duties with the resources, including employees, of his or her office. *See* Tex. Att'y Gen. Op. No. GA-0778 (2010) at 3–4 (concluding that a commissioners court's express authority in Local Government Code subsection 111.010(d) to amend the budget is circumscribed by an elected officer's sphere of authority). To give effect to subsection 157.021(a) and to preserve an officer's sphere of authority, we conclude that a commissioners court may exercise its authority under subsection 157.021(a) so long as the adoption or enforcement of rules regarding county hours of work does not prevent an elected officer from fulfilling his or her required, or core, functions.

We cannot, however, speculate on all instances in which a commissioners court's withholding of an employee's partial salary and benefits would impermissibly intrude on an officer's operation of the office in the fulfillment of his or her core duties. *See* Tex. Att'y Gen. Op. No. GA-0751 (2009) at 1 ("This office does not resolve questions of fact in the opinion process."). The two instances that you present as examples involve an officer's authority and responsibility over the safety of his or her employees as well as authority to reward and motivate his or her employees—both aspects we believe are fundamental in an officer's management of his or her office resources in the fulfillment of the officer's core duties. These circumstances could be instances in which the withholding of a partial salary and benefits may prevent the elected officer from fulfilling his or her constitutional or statutory functions. *See* Tex. Att'y Gen. Op. No. GA-0778 (2010) at 4 ("While a commissioners court may amend the budget in midyear to make a transfer of funds that would result in the reduction of the salary line item for county employee's compensat[ion] . . . , it may not adopt such an amendment to recoup payment to employees for the time period [they were dismissed], because such a change would interfere with an elected officer's authority to manage his or her office and supervise the employees."); *see also* Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4 ("A commissioners court that adopts a policy to keep employees from following their supervising county official's instructions to leave may unlawfully interfere in the official's sphere of authority.").

## II.     Authority of a commissioners court regarding overtime and compensatory time

You next quote Local Government Code subsection 157.021(b), and ask

> a.  What are examples of an emergency that require[] payment of overtime compensation? For example, is a jury trial that goes into late hours an emergency? Who determines if an emergency exists?
>
> b.  Does the Commissioners Court have any discretion over payment of overtime or compensatory time to an employee when an elected county or district officer declares an emergency under Local Government [Code] section 157.021(b)(1)?

Request Letter at 1. Again, we cannot speculate on all possible factual circumstances that might constitute an emergency, but instead address only the legal issues presented in these questions. *See* Tex. Att'y Gen. Op. No. GA-0751 (2009) at 1 ("This office does not resolve questions of fact in the opinion process.").

Under the plain language of subsection 157.021(b)(1), in answer to your first sub-question, either a commissioners court or an elected county or district officer is authorized to declare an emergency.[4] TEX. LOC. GOV'T CODE ANN. § 157.021(b) (West 2008); *see Phillips v. Bramlett*, 288 S.W.3d 876, 880 (Tex. 2009) (stating that to discern legislative intent, courts look to the statute's plain language). Subsection 157.021(b) authorizes a commissioners court of any county to adopt and enforce uniform rules on overtime and compensatory time for the specified set of employees. TEX. LOC. GOV'T CODE ANN. § 157.021(b) (West 2008). In authorizing a commissioners court to prohibit unbudgeted overtime, subsection 157.021(b)(1) then limits that authority when a listed officer declares an emergency. *Id.* Thus, by the terms of the subsection, when there is such a declared emergency, a commissioners court's rules cannot prohibit unbudgeted overtime. *Id.* Based on the express limitation in subsection 157.021(b)(1), we conclude, in answer to your second sub-question, that a commissioners court is without discretion to withhold payment of unbudgeted overtime.

III.    **Authority of a commissioners court to require an officer to accommodate overtime and compensatory time in an existing budget**

In your third question, you ask

> [i]f a County employee in the office of an elected county or district officer works unbudgeted overtime or compensatory time, can those costs be charged against the official's budget that is approved annually by the Commissioners Court? Does the Commissioners Court have the authority to require the elected county or district officer [to] find funds in his or her department budget to fund the overtime or compensatory time?

Request Letter at 2. You rephrase this question as an inquiry about a commissioners court's "authority to approve a budget amendment which effectively reduces one or more of the other allowances contained in the . . . official's budget," and whether "such payments [must] be made from accounts in the general county budget that are independent of the allowances for the elected . . . official." Request Letter at 7. A recent opinion from this office addresses this characterization of your question. *See generally* Tex. Att'y Gen. Op. No. GA-0778 (2010).

In Opinion GA-0778, this office considered section 111.010 of the Local Government Code, which authorizes a commissioners court in a county with a population of less than 225,000 to "amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure." TEX. LOC. GOV'T CODE ANN. § 111.010(d) (West 2008);

---

[4]You do not expressly ask about a mechanism for review of an officer's determination of an emergency. Other than observing that a county auditor has oversight authority over a county's books, we do not address the question. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 112.006(a) (West 2008) (providing "[t]he county auditor has general oversight of the books and records of a county"), .006(b) ("The county auditor shall see to the strict enforcement of the law governing county finances.").

*see* Tex. Att'y Gen. Op. No. GA-0778 (2010) at 3 (citing subsection 111.010(d), Local Government Code). This office stated that "as a general matter, the commissioners court has authority to make a budget transfer that would result in the reduction of the salary line item allocating compensation to a county officer's employees." *Id.* at 3. This office also concluded that a county commissioners court "may not, by transferring funds from an elected county officer's budget, thereby prevent the officer from performing his or her required duties." *Id.* at 3–4 (quoting Tex. Att'y Gen. Op. No. GA-0037 (2003) at 5). To the extent a commissioners court similarly seeks to amend a county budget to recoup salary payments from employees for the time period they were dismissed by an officer's declaring an emergency,[5] we believe such an action may prevent the officer from performing his or her required duties. *See* Tex. Att'y Gen. Op. No. GA-0778 (2010) at 3–4; *see also* Tex. Att'y Gen. Op. No. GA-0037 (2003) at 4 ("Whether [such] a transfer is permissible is a question of fact that the commissioners court must determine in the first instance.").

With respect to your query about use of the allowances within an elected officer's budget, this office has concluded in numerous opinions that "[a]lthough a county commissioners court sets a county officer's budget, the officer may determine how best to use the funds to accomplish the officer's constitutional and statutory duties." Tex. Att'y Gen. Op. Nos. GA-0322 (2005) at 2–3; JC-0214 (2000) at 5 (stating that a commissioners court may not "substitute its judgment for that of another constitutional officer in determining how to deploy the resources placed at his disposal"). Based on the principle that an officer is in control of the assets accorded to his or her office, we believe a county commissioners court may not, without the officer's consent, deduct the emergency overtime from an officer's budgeted allowances.

"If a county commissioners court infers from a county officer's office closure or allocation of county resources that the elected officer does not require all of the full-time employees assigned to that office, the commissioners court's remedy is to apply its budgetary authority to reallocate county resources," in the future. Tex. Att'y Gen. Op. No. JC-0239 (2000) at 5.

## IV.     Authority of a commissioners court to mandate method of timekeeping

Finally, you inquire whether a commissioners court may "mandate the method of timekeeping used by the elected officers' employees whose compensation is set or approved" by the commissioners court. Request Letter at 2. As we noted previously, a commissioners court has broad discretion in exercising expressly granted powers. *Id.* Within its express authority to enforce rules governing the hours of work of county employees, a commissioners court has broad discretion to determine how to measure compliance with the rule. *See Agan*, 940 S.W.2d at 79–80 (recognizing that under article V, section 18, Texas Constitution, discretionary matters are for a commissioners court to resolve in the first instance, subject to judicial review). We believe such discretion likely includes authority to mandate the method of timekeeping used by the elected officers' employees whose compensation is set or approved by a commissioners court.

---

[5]As you inquire about the payment of unbudgeted overtime, we presume the overtime was incurred due to an emergency declared pursuant to subsection 157.021(b)(1). Tex. Loc. Gov't Code Ann. § 157.021(b)(1) (West 2008).

## S U M M A R Y

A county commissioners court exercising its authority under subsection 157.021(a), Local Government Code, to establish by rule a 40-hour workweek for county employees likely may withhold partial salaries and benefits of county employees working less than the required hours so long as doing so does not prevent an independent, elected officer from fulfilling his or her core functions.

Under subsection 157.021(b)(1), Local Government Code, when an emergency has been declared by a county or district officer, a county commissioners court is without discretion to withhold the payment of unbudgeted overtime.

A county commissioners court may be precluded from seeking to recoup salary payments from employees for the time period the employees were dismissed by the officer's declaring an emergency under subsection 157.021(b)(1), Local Government Code, if such an action prevents the elected officer from performing his or her core duties. Moreover, because an elected officer is in control of the assets accorded to his or her office, we believe a county commissioners court may not, without the officer's consent, deduct the emergency overtime from an officer's budgeted allowances.

A county commissioners court exercising its authority under Local Government Code subsection 157.021(a) to establish a 40-hour workweek likely has authority to mandate the method of timekeeping used by county employees.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee